# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CEBALLOS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01885-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 15)<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT<br>(ECF No. 16) |

Plaintiff Denell Caver ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Ceballos and Rodriguez for excessive force in violation of the Eighth Amendment. (ECF No. 10.)

On June 15, 2017, the Court directed the United States Marshal to serve the operative complaint and summons on Defendants Ceballos and Rodriguez. (ECF No. 12.) On July 17, 2017, the United States Marshal returned waivers of service executed by Defendants Ceballos and Rodriguez. Pursuant to the waivers of service, Defendants Ceballos and Rodriguez were directed to respond to the operative complaint within 60 days of June 22, 2017, which is calculated as August 21, 2017. (ECF No. 13.) On August 18, 2017, Defendants Ceballos and Rodriguez filed an answer to the complaint. (ECF No. 14.)

///

1

Currently before the Court are Plaintiff's motions for appointment of counsel, (ECF No. 15), and for entry of default, (ECF No. 16), filed August 28, 2017.

## I. Motion to Appoint Counsel

Plaintiff states that he is unable to afford counsel, his imprisonment will limit his ability to research law, and counsel will better enable Plaintiff to present evidence and conduct direct and cross-examination of witnesses at any trial in this case. (ECF No. 15.) In addition, Plaintiff is a participant in the mental health program at the "CCCMS" level of care, and his mental health conditions will prevent him from following directions and instructions without assistance. Plaintiff states that he hired a jailhouse lawyer to file this lawsuit for him because he knows nothing about law. Finally, Plaintiff attaches an order from Case No. 1:11-cv-01025-AWI-SKO (PC) in which he was granted pro bono counsel to assist him during trial. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims of excessive force filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Plaintiff's assertions regarding the limitations imposed by his mental health conditions also have been taken into consideration. Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits). In this case, despite Plaintiff's allegations that he cannot litigate this case without assistance, he was able to draft and submit the instant motions articulating his positions.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful.

**II.     Motion for Entry of Default**

On August 28, 2017, Plaintiff filed the instant motion for entry of default. (ECF No. 16.) In his motion, Plaintiff contends that Defendants Ceballos and Rodriguez were served on July 17, 2017, and were required to respond to the complaint within 21 days, but failed to answer or otherwise defend this action. (Id.)

Plaintiff is mistaken. As noted above, the waivers of service returned executed as to Defendants Ceballos and Rodriguez required a response to the complaint within 60 days of June 22, 2017, which is August 21, 2017. (ECF No. 13.) Defendants Ceballos and Rodriguez filed a timely answer to the complaint on August 18, 2017. Thus, Defendants Ceballos and Rodriguez have not failed to answer or otherwise defend this action.

**III.    Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel (ECF No. 15) is DENIED, without prejudice; and

///

2. Plaintiff's motion for entry of default (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: **September 11, 2017**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE